IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

NAKIA RESHEA SUTTON, #R4655                                          PLAINTIFF

VS.                                                    CIVIL ACTION NO. 4:10cv39-FKB

CHRISTOPHER EPPS, ET AL.                                            DEFENDANTS

MEMORANDUM OPINION AND ORDER

The Court held an omnibus hearing[1] in this matter, at which time it conferred with

Plaintiff  and counsel for Defendants in this suit founded upon 42 U.S.C. § 1983.  At that

hearing, the parties consented to have a United States Magistrate Judge conduct any and all

further proceedings in the case and order the entry of final judgment, and the District Judge

subsequently entered an order of reference.  28 U.S.C. § 636(c); Fed. R. Civ. P. 73.   Sutton is

proceeding in this matter *in forma pauperis* and *pro se*.

Pending before the Court are several motions filed by the parties.  Plaintiff has filed a

Motion for Sanctions (Docket No. 79), Motion for Injunctive Relief (Docket No. 80), and a

Motion for Summary Judgment (Docket No. 82).  Defendants have filed a Motion for Summary

Judgment (Docket No.86), a memorandum in support thereof, and related exhibits.  Plaintiff filed

a "Motion for Request for Admissions" at Docket No. 89, which in an Order the Court construed

as Plaintiff's response to Defendants' Motion for Summary Judgment.  See Text Only Order

entered October 16, 2012.  For the reasons explained in this Memorandum Opinion and Order,

the Court finds that summary judgment should be granted in favor of Defendants, and that

Plaintiff's motions should be denied. Accordingly, this matter is dismissed with prejudice, and a

---

[1]See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

### I.  Plaintiff's Claims

Plaintiff is a convicted inmate who, at all times relevant to the claims in the complaint,

was housed at East Mississippi Correctional Facility ("EMCF").  Named as Defendants are Dale

Caskey (Warden), Sandra Atwood (Medical Director), Lee Carmichael (ARP Coordinator), and

Bart Grimes (Warden of Security).[2]  Docket No. 9.   In addition, Plaintiff has stated that he

wishes to dismiss Defendants Caskey, Carmichael, and Grimes.  See Docket Nos. 36 at 2, 80 at

5.  Accordingly, the Court hereby dismisses Plaintiff's claims against Caskey, Carmichael, and

Grimes.  At Docket No. 36, Plaintiff's request to add claims against a "Doctor Abagan" was

granted, however, no process was issued as to "Doctor Abagan."  Accordingly, the only

remaining Defendant for which process has been issued is Atwood.  Nevertheless, in an

abundance of caution, the Court will also address Plaintiff's claims against R.T. Abangan, M.D.,

the doctor who treated Plaintiff at EMCF and to whom Plaintiff incorrectly referred in his

pleadings as "Doctor Abagan."

In his original complaint and various filings, Plaintiff alleged that Defendants denied him

constitutionally adequate medical care for a number of different conditions, and he alleged that

he suffered from illegal detention in administrative segregation. As a result of the omnibus

hearing, Plaintiff narrowed his claims to one claim based solely upon deliberate indifference to

the medical needs of his throat.  See Docket Nos. 72, 73, and 74.  In his prayer for relief,

Plaintiff requested treatment by a specialist, surgery, and damages for mental and emotional

---

[2]Christopher Epps, Commissioner of MDOC, was previously dismissed as a Defendant.
Docket No. 73.

injury.  Docket No. 1 at 4.

## II.  Relevant Standards

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'"  Lemoine v. New Horizons Ranch and Center, 174 F.3d 629, 633 (5th Cir. 1999)(quoting Colston v. Barnhart, 146 F.3d 282, 284 (5th Cir.), cert. denied, 119 S.Ct. 618 (1998)).  Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law."  Lemoine, 174 F.3d at 633.  "Federal summary judgment procedure requires the court to 'pierce through the pleadings and their adroit craftsmanship to reach the substance of the claim.'"  Hicks v. Brysch, 989 F.Supp. 797, 806 (W.D. Tex. 1997)(citing Tacon Mech. Contractors v. Aetna Cas. and Sur. Co., 65 F.3d 486, 488 (5th Cir. 1995)).  The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts."  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted).  Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence.  Little, 37 F.3d at 1075.

III. Discussion

Having reviewed the claims against Defendants, and having considered Plaintiff's testimony at the omnibus hearing, his various filings, and the extensive medical records in this case, the Court finds that Defendants are entitled to summary judgment on Plaintiff's claim of denial of adequate medical attention.

As a convicted prisoner, Sutton's constitutional protections flow from the Eighth Amendment. See Whitley v. Albers, 475 U.S. 312, 319 (1986)("After incarceration, only the "'unnecessary and wanton infliction of pain'' '. . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.")(citations omitted).  Furthermore, "[a] prisoner's rights are diminished by the needs and exigencies of the institution in which he is incarcerated.   He thus loses those rights that are necessarily sacrificed to legitimate penological needs." Elliot v. Lynn, 38 F.3d 188, 190-91 (5th Cir. 1994).

Plaintiff alleges that Defendants violated his constitutional rights when they failed to provide adequate medical care. In particular, in his complaint and at the omnibus hearing, he alleged that Defendants violated his constitutional rights when they did not provide medical care to his satisfaction for a knot in his throat, which one doctor diagnosed as a thyroglossal cyst. Docket No. 86-2 at 39.

Deliberate indifference to a prisoner's serious medical needs states a cause of action under 1983 "whether the indifference is manifested by prison doctors . . . or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). In order for Sutton to prevail on a §1983 claim for deliberate indifference, he must demonstrate that a defendant, who

personally participated in the incidents, made an intentional, more than negligent, "conscious choice to endanger constitutional rights." Mesa v. Prejean, 543 F.3d 264, 274 (5th Cir. 2008) (internal quotation marks omitted); Snyder v. Trepagnier, 142 F.3d 791, 799 (5th Cir.1998). Deliberate indifference is "a state of mind more blameworthy than negligence" and a "reckless disregard for a substantial risk." Wernecke v. Garcia, 591 F.3d 386, 401 (5th Cir. 2009); Farmer v. Brennan, 511 U.S. 825, 835-36 (1994). "The test for deliberate indifference is subjective." Atteberry v. Nocona Gen. Hosp., 430 F.3d 245, 255 (5th Cir. 2005). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not" is not "the infliction of punishment." Farmer, 511 U.S. at 838.

Where a prisoner was treated seventeen times in three months, the United States Supreme Court held the plaintiff failed to state a cause of action against medical personnel for deliberate indifference constituting an Eighth Amendment violation. Estelle v. Gamble, 429 U.S. 97, 105-07 (1976). Not every claim that a prisoner has received inadequate medical treatment states an Eighth Amendment violation. Id. at 105.

Plaintiff's medical records, as set forth in great detail by Defendants' Memorandum Brief at pages 7 to 10 (Docket No. 87), demonstrate that he was seen and treated numerous times between July 2008 and October 2011 by health personnel at the prison and at CMCF. The medical records demonstrate that he completed over sixty (60) written Medical Services Request Forms complaining of various ailments, of which twenty-five (25) related to his throat. See Docket No. 87 at 10 (citing to the record). Despite medical personnel prescribing him antibiotics to treat his throat, see Docket No. 86-3 at 131, 139, there is evidence in the record that he did not take the antibiotics. Id. at 154. On October 24, 2011, a doctor at CMCF examined Plaintiff and

diagnosed him as suffering from "hypochondriasis." Id. at 171. Thus, the medical records

demonstrate that medical personnel established a pattern and plan for care for Sutton, and that

Atwood and Dr. Abangan were not deliberately indifferent to his serious medical needs.

"Unsuccessful medical treatment does not give rise to a § 1983 cause of action" and neither does

"[m]ere negligence, neglect[,] or medical malpractice." Varnado v. Lynaugh, 920 F.2d 320,

321(5th Cir. 1991).

Furthermore, this time line does not demonstrate denial of access to a doctor or

unnecessary delay.  The Court is mindful that "a disagreement between an inmate and his

physician concerning whether certain medical care was appropriate is actionable under § 1983

only if there were exceptional circumstances." Banuelos v. McFarland, 41 F.3d 232, 235 (5th

Cir. 1995). Although Plaintiff's throat condition was, no doubt, uncomfortable to him, this case

does not appear to present exceptional circumstances. Indeed, the medical records of his varied

and long treatment belie his claims. See Banuelos, 41 F.3d at 235 ("Medical records of sick calls,

examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate

indifference.").  Although he may disagree with the treatment he has received, "an inmate's mere

disagreement with the course of medical treatment does not give rise to a constitutional claim."

Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992).

## IV.  Conclusion

Thus, for the reasons stated above, the Court finds that, on the basis of the record before

the Court, there is no genuine issue of material fact, and Defendants are entitled to summary

judgment as to all of Plaintiff's claims.  Accordingly, Defendants' Motion for Summary

Judgment (Docket No. 86) is granted, and Plaintiff's claims against Defendants are dismissed

with prejudice.  Plaintiff's Motion for Summary Judgment (Docket No. 82) is denied, and

Plaintiff's Motions (Docket Nos. 79, 80, and 93) are denied as moot.

In accordance with Rule 58 of the Federal Rules of Civil Procedure, a separate judgment

will be entered.

SO ORDERED, this the 13th day of March, 2013.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE